UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3485 PA (SSCx) | Date | June 26, 2024 |
|---|---|---|---|
| Title | Jhonny Roldan v. County of Los Angeles, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     ORDER TO SHOW CAUSE

      The Court has reviewed the First Amended Complaint ("FAC") filed by Plaintiff Jhonny Roldan ("Plaintiff") against defendants County of Los Angeles and unnamed sheriff deputy defendants ("County Defendants") and 168 Realty Inc., Tony Chang and Victor SK Kung ("Property Management Defendants").  (Docket No. 23.)  Plaintiff alleges that the County Defendants used excessive force in arresting him at his residence when they responded to a call for service.  The caller, defendant Tony Chang – a handyman who worked for the defendant 168 Realty Inc. – reported that Plaintiff had threatened him with a firearm while he was working on repairs at the residence.  The FAC alleges that the Property Management Defendants acted negligently in reporting the threat to law enforcement, and then kept possession of his property after they commenced eviction proceedings.[1]

      The FAC asserts a claim under 42 U.S.C. § 1983 against the unnamed sheriff deputy defendants for use of excessive force, two claims against the County Defendants under 42 U.S.C. § 1983 for <u>Monell</u> liability based on failure to train and the existence of a custom, policy or practice of using unnecessary force.  The FAC also asserts two claims against the Property Management Defendants.  The first for negligence in making a false report to police and negligent training and supervision, and the second for conversion, for failing to return Plaintiff's property following his eviction.

      Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

      Persons . . . may be joined in one action as defendants if:

---

[1]    Defendant Victor SK Kung is the property owner, and hired defendant 168 Realty Inc. to manage the rental property where Plaintiff resided and was arrested.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-3485 PA (SSCx) | Date | June 26, 2024 |
|---|---|---|---|
| Title | Jhonny Roldan v. County of Los Angeles, et al. | | |

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

The FAC does not allege that the Property Management Defendants acted jointly with the County Defendants. Plaintiff's claims for negligence and conversion are asserted solely against the Property Management Defendants, and do not involve any of the conduct alleged against the County Defendants. Moreover, Plaintiff's claim for conversion is asserted solely against the Property Management Defendants based on entirely unrelated conduct that occurred after Plaintiff's arrest.

For these reasons, the Court orders Plaintiff to show cause in writing no later than July 10, 2024 why the Property Management Defendants should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court."). Failure to adequately respond to this Order to Show Cause will result, without further warning, in dropping the Property Management Defendants from this case.

IT IS SO ORDERED.